**GRANT; and Opinion Filed August 2, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00382-CV**

**IN RE STANLEY NGO, Relator**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-00021**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

Real party in interest, Mai Tran, had an extramarital relationship with relator while she was married to Tin Tran. On June 27, 2005, Mai gave birth to a daughter, Alexia. In January 2011, Tin filed for a divorce, which was finalized on May 5, 2011, when Alexia was five years old. In the divorce decree, the trial court found that Tin was not Alexia's biological father and that no parent-child relationship existed between Tin and Alexia.

On January 3, 2012, Mai filed a petition to adjudicate parentage in which she asked the court to adjudicate relator as Alexia's father. Relator's answer raised the affirmative defense of the statute of limitations, and Mai filed a motion for partial summary judgment on that issue. The trial court granted the motion for partial summary judgment, and relator then filed this original proceeding seeking a writ of mandamus. Because the trial court abused its discretion in failing to apply the appropriate limitations period and relator has no adequate remedy by appeal, we conditionally grant the petition for writ of mandamus. *See In re Prudential Ins. Co.*, 148

S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

A man is presumed to be a child's father if he is married to the mother of the child and the child is born during the marriage. TEX. FAM. CODE ANN. § 160.204 (West 2008). The family code provides:

> (a) Except as otherwise provided by Subsection (b), a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child.
> (b) A proceeding seeking to adjudicate the parentage of a child having a presumed father may be maintained at any time if the court determines that:
> > (1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; or
> > (2) the presumed father was precluded from commencing a proceeding to adjudicate the parentage of the child before the expiration of the time prescribed by Subsection (a) because of the mistaken belief that he was the child's biological father based on misrepresentations that led him to that conclusion.[1]

TEX. FAM. CODE ANN. § 160.607 (West Supp. 2012). Tin Tran's petition for divorce was filed after Alexia's fourth birthday. Real party in interest does not allege that § 160.204(b) is applicable to this case. Therefore, it was error for the trial court to adjudicate Alexia's parentage in Tin and Mai's divorce case.

Because the order finding no parent-child relationship between Tin and Alexia was void, Alexia still had a presumed father when Mai filed her lawsuit. That lawsuit was filed well after Alexia's fourth birthday. Therefore, it was an abuse of discretion for the trial court to grant real party in interest's motion for summary judgment. And as this Court has previously found, there is no adequate remedy by appeal when a trial court fails to abide by the statute of limitations set

---

[1] This version of the statute went into effect on September 1, 2011 and was in effect when Mai Tran filed her petition to adjudicate parentage. When Tin Tran filed for divorce, section (b)(1) and (b)(2) were joined by an "and" rather than an "or," and (b)(2) read, "the presumed father never represented to others that the child was his own." This difference does not affect the Court's analysis in this case..

forth in § 160.607. *See In re Rodriguez*, 248 S.W.3d 444, 454 (Tex. App.—Dallas 2008, orig. proceeding) ("The purpose of the time limitation for bringing a proceeding to determine parentage when a child has a presumed father is to protect the family unit.").

Accordingly, we conditionally grant relator's petition for writ of mandamus. The writ will issue only in the event the trial court fails to vacate its March 5, 2013 order granting motion for partial summary judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130382F.P05